IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

RHIANNE CHRISTOPHERSON

                                    Plaintiff(s),
vs.

MAGNIFICUS CORPORATION                    CASE NO. 3AN- 21-8688 CI

                                    Defendant(s).

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: MAGNIFICUS CORPORATION

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Caitlin Shortell SHORTELL LAW LLC, whose address is: 911 W. 8TH AVENUE SUITE 204 ANCHORAGE, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge **Walker** and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

11/26/2021
Date                                    By: _____ Deputy Clerk

I certify that on 11/26/21 a copy of this Summons was ☐ mailed ☑ given to
☐ plaintiff ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk ___AL___

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                    Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 1 of 11

EXHIBIT A
Page 1 of 11

SHORTELL LAW LLC
310 K Street Suite 200
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: (888) 979-6148
cs.sgalaw@gmail.com

Counsel for Rhianne Christopherson

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

RHIANNE CHRISTOPHERSON,

                Plaintiff,

vs.

MAGNIFICUS CORPORATION,

                Defendant.

Case No. 3AN-21-    CI

## COMPLAINT FOR DAMAGES

PLAINTIFF RHIANNE CHRISTOPHERSON, seeking claims for relief against MAGNIFICUS CORPORATION, herein alleges: This action is brought by Plaintiff Rhianne Christopherson (hereinafter "Plaintiff Christopherson") against Defendant Magnificus Corporation hereinafter "Magnificus."

DEFENDANT Magnificus's egregious treatment of PLAINTIFF Christopherson has caused great harm to the PLAINTIFF, including unpaid wages, penalties attendant on unpaid wages, lost wages and benefits, reputational damages, attorney's fees, costs, and interest.

*RHIANNECHRISTOPHERSON V ---*
CASE NO.: 3AN-20-    CI
COMPLAINT FOR DAMAGES

1

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 2 of 11

EXHIBIT A
Page 2 of 11

## VENUE AND JURISDICTION

2. PLAINTIFF Christopherson brings this Complaint for violations of the Alaska Statutes and Alaska common law, and the amount in controversy exceeds the minimum required by this Court. Accordingly, this Court has jurisdiction over the claims in this matter.

3. Given that nearly all the conduct took place in Anchorage, venue is proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. PLAINTIFF has exhausted her administrative remedies by requesting a clarification about the status of her employment from Defendant, by filing a response to the military's Notice of Suspension of Clinical Privileges and receiving notice that her employment was terminated, which resulted in the reinstatement of her clinical privileges. PLAINTIFF has thus exhausted all required administrative remedies prior to filing this lawsuit.

## GENERAL ALLEGATIONS

5. Plaintiff Christopherson is a board-certified family nurse practitioner. She has been a registered nurse in the state of Alaska since completing her undergraduate degree in 2007. She has been in active practice as a nurse practitioner in

*Rhianne Christopherson v.—*
Case No.: 3AN-20-            CI
COMPLAINT FOR DAMAGES

2

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 3 of 11

EXHIBIT A
Page 3 of 11

the state of Alaska since 2016. She is family practice trained and has spent extensive hours working in and training in women's health and (in)fertility. She has a Master of Science degree in nursing as a board-certified nurse practitioner and pursued post graduate training and education at Georgetown University in women's health and nurse midwifery.

6. In 2018, Plaintiff Christopherson began to work as an active provider in the Flight Medicine Clinic as well as in the Family Health Clinic at JBER. When she was initially hired for this position, the "contracted" employer was Washington Harris. At the time of termination, Defendant Magnificus was her employer.

7. Plaintiff Christopherson was hired specifically as the Deployment Related Health Assessment ("DRHA") provider. Several other providers, including Lt. Col. Jay Gardner, Maj. Alexander Reynolds, Capt. Chris Odom, Col. Erich Schroeder, assured Plaintiff Christopherson that she would be able to see patients routinely in the Flight Medicine Clinic as well as the Family Health Clinic, and that the DRHA program was not going to be the only avenue for her while at JBER.

8. In flight medicine, Christopherson dedicated time to learning the Medical Standards Directory, Aeromedical Waiver Guide, Air Crew Approved Med List, Air Crew Approved OTC List, and Ground Based Operator Approved Med List. In addition, she was providing healthcare for aviators and dependents as a regular provider in the Flight Operational Medicine Clinic (FOMC).

*RHIANNE CHRISTOPHERSON V---*
CASE NO.: 3AN-20-    CI
COMPLAINT FOR DAMAGES

3

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 4 of 11
EXHIBIT A
Page 4 of 11

9. Every encounter with an aviator requires an Aeromedical Disposition. Plaintiff was at one time the only female provider in the clinic and was able to provide female aviators and female dependents advocacy in their healthcare, bringing several women's health procedures back to the Flight Operational Medicine Clinic.

10. In addition to her continued practice in the Flight Operational Medicine Clinic, Plaintiff was able to maintain the Deployment Related Health Assessment ("DRHA") program and bring it from last in the Air Force to the highest ranked in the Pacific Air Forces ("PACAF").

11. In the summer of 2019, Plaintiff Christopherson was one of only two providers in the FOMC clinic. With individuals joining or leaving the clinic due to PCS-ing or position changes the clinic was understaffed. At times, Christopherson ran the FOMC clinic on her own with the help of Independent Duty Medical Technicians ("IDMT").

11. In addition to her time as a main provider in FOMC, Plaintiff Christopherson was also permitted to follow some aviators throughout their Waiver process and separations from the Air Force. Plaintiff received a letter of recommendation written to the Air National Guard on her behalf which specifically referenced her abilities in the Flight Operational Medicine Clinic.

12. Ms. Christopherson received a letter of reference from a colleague that stated, "Rhianne has seamlessly learned many of the processes and programs involved in

*RHIANNE CHRISTOPHERSON V ---*
CASE NO.: 3AN-20- CI
COMPLAINT FOR DAMAGES

4

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 5 of 11

EXHIBIT A
Page 5 of 11

the Aerospace Medicine enterprise; In my opinion, her knowledge and expertise is at the level of a fully trained Flight Medicine medical asset."

13. In 2018 and early 2019, Plaintiff Christopherson was asked to assist in the development of the PHA program as it moved into the Dental Clinic at JBER. As she continued to work in the Flight Medicine Clinic as a provider, she also worked on clearing PHAs in the Dental Clinic. At the time of the earthquake of 2018, the Flight Operational Medicine Clinic was moved to the main hospital at JBER.

14. The Flight Operational Medicine Clinic thrived in the dental clinic, which decreased the numbers for JBER's PHA program. Consequently, medical readiness improved at JBER. Plaintiff Christopherson was praised in a letter of recommendation, which stated:

> She provides an autonomous clinical role and oversight of the process for approximately 5,500 USAF Active Duty JBER personnel under the 673 ABW and 3rd Wing, and as a TFI bases, additional 2,000 in ANG and Reservists under the 176th Wind and 477th FG, respectively. Of note, Ms. Christopherson revamped JBERS's PHA/DRHA process in 2018 and took JBER to the leading MTF in the AF for IMR! Even more remarkable considering that the JBER MDG is a tier-1 facility.

15. Plaintiff continued to see patients in FOMC throughout her employment and was assigned to clear the DRHA 4 and DRHA 5 appointments, providing coverage for the other DRHA provider when needed.

16. In early 2020, the COVID-19 pandemic became and remains an international emergency. In March of 2020, Plaintiff began tele-working from home

*RHIA NNEChRISTOPHE RSON V---*
CASE NO.: 3AN-20-   CI
COMPLAINT FOR DAMAGES

5

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 6 of 11
EXHIBIT A
Page 6 of 11

providing services in the DRHA and PHA program. Plaintiff continued coming into the clinic to see patients 1-2 times a week and then specifically on Fridays and attending meetings either in person or by phone. There was a memorandum supporting Plaintiff's tele-work during this Pandemic. During this time, she was seeing 10-20 PHAs a day.

17. Prior to January 2021, the PCMs were assigned the PHA program again. In February 2021, while completing a DRHA assessment, Plaintiff reviewed the PHA dues list and found the numbers were high compared to when she and others had been working on it in 2020 prior to its transfer back to the PCMs.

18. On the 5th of February 2021, Christopherson reached out to the Non-Commissioned Officer in Charge ("NCOIC") of BOMC, to see if they needed help with the PHA program as the numbers appeared to be very high. The NCOIC declined her offer of help to the PHA program.

19. On March 4th, 2021, there was a meeting to discuss the PHA program moving forward. In this meeting, Christopherson and a colleague were asked to take over the PHA provider roles for the program. This assignment placed the workload of six primary care providers of more than 5,500 service members onto Christopherson and one other provider, both of whose duties were not limited to the PHA program. Following this meeting, a schedule template was developed and finalized on March 9th, 2021. The new PHA process was not scheduled to start until April 1st, 2021.

*RHIANNE CHRISTOPHERSON V---*
CASE NO.: 3AN-20-       CI
COMPLAINT FOR DAMAGES

6

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 7 of 11
EXHIBIT A
Page 7 of 11

20. At no time prior to suspension did anyone notify Christopherson of alleged performance concerns. If they had, it would have prevented a suspension of clinical privileges from occurring.

21. On or about May 26, 2021, the U.S. Department of the Air Force suspended Plaintiff Christopherson's clinical privileges. Magnificus failed to pay Ms. Christopherson all compensation due.

22. Plaintiff tried to determine her employment status following the suspension. Ultimately, Plaintiff learned that Magnificus had discharged her effective May 25, 2021.

29. Following her suspension and termination, Plaintiff Christopherson filed a response to the notice of clinical suspension requesting that her clinical privileges be resinstated.

30. On August 23, 2021, Col. Michael J. Fea, U.S. Air Force issued a "Final Notice of Reinstatement of Privileges with Monitoring & Evaluations." The Notice reinstated Christopherson's clinical privileges, but Defendant Magnificus had already terminated Ms. Christopherson, had failed to pay her for all wages earned during her employment, and did not resinstate her employment.

31. As a direct and proximate result of the actions and omissions described herein, Defendant Magnificus caused Plaintiff Christopherson to suffer damages, including lost wages, unpaid overtime, unpaid leave time, lost benefits, reputational damage, attorney's fees, costs, and interest.

*Rhianne Christopherson v—*
Case No.: 3AN-20-      CI
COMPLAINT FOR DAMAGES

7

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 8 of 11

EXHIBIT A
Page 8 of 11

## CAUSES OF ACTION

**Paragraphs 1 through 31 are incorporated herein by reference.**

### FIRST CAUSE OF ACTION

### BREACH OF EMPLOYMENT CONTRACT

31. Defendant Magnificus employed Plaintiff Rhianne Christopherson in an employment contract of a term ending April 2023 in which she worked as a Nurse at the United States Air Force Base at JBER.

32. Defendant Magnificus breached the contract when it discharged Plaintiff effective May 25, 2021 without payment of all wages and compensation she had earned, and did not reinstate her or pay her all wages and compensation earned although her clinical privileges were reinstated on August 23, 2021.

33. As a result of DEFENDANT's breach of contract, DEFENDANT caused PLAINTIFF damages including loss of past and future wages and benefits, lost Continuing Medical Education, humiliation, damage to her reputation, attorney's fees, costs, and interest.

### SECOND CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**Paragraphs 1 through 33 are incorporated herein by reference.**

*RHIA NNECHRISTOPHE RSON V---*
CASE NO.: 3AN-20-    CI
COMPLAINT FOR DAMAGES

8

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 9 of 11

EXHIBIT A
Page 9 of 11

34. DEFENDANT Magnificus breached the implied covenant of good faith and fair dealing, when it:

a. Treated Plaintiff in a manner that a reasonable person would consider unfair;

b. Subjected Plaintiff to disparate treatment.

c. Discharged Plaintiff before the U.S. Air Force conducted a review of the clinical suspension and reinstated her clinical privileges;

d. Discharged Plaintiff, failed to pay her for all wages, overtime, and compensation earned, and did not reinstate her employment although her clinical privileges were reinstated.

35. As a result of DEFENDANT's breach of the Implied Covenant of Good Faith and Fair Dealing, DEFENDANT caused PLAINTIFF damages including loss of past and future wages and benefits, damage to her reputation attorney's fees, costs, and interest.

**PRAYER FOR RELIEF**

Because of DEFENDANT Magnificus's actions and omissions described herein, Plaintiff has suffered damages.

1. WHEREFORE, PLAINTIFF Rhianne Christopherson prays that the Court enter judgment against DEFENDANT Magnificus in excess of the jurisdictional minimum required for Superior Court for compensatory

*RHIANNECHRISTOPHERSON V---*
CASE NO.: 3AN-20- CI
COMPLAINT FOR DAMAGES

9

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 10 of 11

EXHIBIT A
Page 10 of 11

damages including lost wages, unpaid overtime, and benefits, reputational damage, costs, interest at the applicable rate, and attorney fees.

2. Issue other relief as the Court sees fit.

DATED September 27, 2021 at Anchorage, Alaska.

SHORTELL LAW LLC
Attorneys for Rhianne Christopherson

By: /s/Caitlin Shortell
Caitlin Shortell
ABA # 0405027

Certificate of Service

I certify that on 12/1, 2021 a copy of the Complaint and Summons was mailed via Certified Class U.S. Mail restricted delivery return receipt requested to the following:

AKINTOYE O. SHOFTAN
AT
9500 ANNAPOLIS ROAD
LANHAM, MD 20706

/s/Caitlin Shortell
Caitlin Shortell

*RHIANNE CHRISTOPHE RSON V —*
CASE NO.: 3AN-20-     CI
COMPLAINT FOR DAMAGES

10

Case 3:21-cv-00275-JWS   Document 1-1   Filed 12/30/21   Page 11 of 11

EXHIBIT A
Page 11 of 11